UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>            -against-<br><br>ERZULI, LLC, et al.,<br><br>                              Defendants. | 1:23-cv-03874 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs filed their Complaint on May 8, 2023.  ECF No. 1.  The Complaint alleges subject matter based on diversity of citizenship.  *Id*. ¶ 12.  The Complaint alleges that Defendant Erzuli "is a limited liability company authorized to do business in and transacting business in the State of New York with its principal place of business in the County of New York, State of New York," *id*. ¶ 4, and Defendant Grid "was and still is a limited liability company authorized to do business in and transacting business in the State of New York with its principal place of business in the County of New York, State of New York," *id*. ¶ 6.  Plaintiffs have not filed a disclosure statement pursuant to Federal Rules of Civil Procedure ("Rule") 7.1.

For diversity purposes, a limited liability company is deemed to be a citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  That means that, "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020).  "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . [in other words] the

place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019).

It is ORDERED that Plaintiffs shall, no later than **May 19, 2023**, file a letter, supported by one or more sworn affidavits, that provides the necessary prerequisites for the Court to exercise subject-matter jurisdiction in this case, including by alleging the **identity** of each limited liability company.  If Plaintiffs are unable to allege a good-faith basis for complete diversity of citizenship, the action will be dismissed, without further notice to the parties.

Additionally, Rule 7.1 requires that a party file a disclosure statement "with its first" appearance or pleading.  Plaintiffs have not satisfied these requirements here.  Accordingly, Plaintiffs shall, by **May 19, 2023**, file a completed Rule 7.1 Disclosure Statement, available here: https://www.nysd.uscourts.gov/forms/rule-71-statement.

Dated: May 11, 2023
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge